HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MIKE McCALL and ARTHUR WEST<br><br>Plaintiffs,<br><br>v.<br><br>INTERCITY TRANSIT, et al.,<br><br>Defendants. | No. C10-5564RBL<br><br><br>ORDER DENYING PLAINTIFF McCALL'S MOTION FOR INJUNCTION [Dkt. #7] |

This matter is before the Court on Plaintiff McCall's Motion for an Injunction, for disclosure of Public records, and for remand of this matter to state court. [Dkt. #7]. The underlying case apparently involves plaintiff McCall's removal from an Intercity Transit bus, for alleged profanity and drunkenness, and his subsequent exclusion from Intercity transit busses for one year. McCall seeks to enjoin the imposition of that exclusion, to require the defendants to produce the documents and policies authorizing it, and asks this court to remand the matter to state court where "justice can be done."

Plaintiff West's[1] connection to McCall and the incident which forms the basis for the complaint is not clear. He complains that he has been told not to loiter or express himself on busses on numerous occasions, in violation of his Constitutional Rights.

As an initial matter, the Motion to Remand is DENIED. Plaintiffs allege United States Constitutional violations in their complaint, and their current emphasis on state law remedies does not change that fact. The Removal was proper as a matter of law.

---

[1] Plaintiff West is well known to this court, having filed at least 17 cases in this district over the past ten years.

ORDER - 1

A plaintiff seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, __U.S.__, 129 S.Ct. 365, 374 (2008) (internal citations omitted). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Id*. at 376. The standard for granting a preliminary injunction balances a plaintiff's likelihood of success on the merits against the hardship to the parties. The greater the relative hardship to the moving party, the less probability of success on the merits must be shown. *Clear Channel Outdoor Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Arcamuzi v. Cont'l Airlines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987) (internal citations omitted). However, all four factors are considered together in evaluating whether a preliminary injunction is appropriate. The standard for issuing a temporary restraining order is the same as the standard for issuing a preliminary injunction. *Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs. Inc.*, 181 F.Supp.2d 1111, 1126 (E.D.Cal. 2001).

Plaintiffs' Motion does not address, much less meet, these standards. The Motion for a Preliminary Injunction is therefore DENIED.

There is no indication that plaintiffs have sought the requested documents through traditional discovery channels. The motion to Compel is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated this 30th day of November, 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 2