HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL MCCALL and ARTHUR WEST,<br><br>Plaintiff,<br><br>v.<br><br>INTERCITY TRANSIT, EVE JOHNSON, MARTIN THIES, JOE BAKER, MARY DEAN, TOM GREEN, ED HILDRETH, KAREN ROGERS, SANDRA ROMERO, TOM BJORGEN, BJORGEN BAUER, BJORGEN, PLLC,<br><br>Defendants. | Case No. CV10-5564 RBL<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br>[Dkt. #27] |

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment [Dkt. #27] on all claims against them. For the following reasons, the motion is GRANTED.

## I. FACTS

This case arises out of an altercation between Plaintiff Michael McCall and the employees of Intercity Transit. On July 1, 2010, McCall was asked to exit an Intercity Transit bus by its driver at the Lacey Transit Center in Olympia, Washington, because of his incessant use of profanity. McCall refused and claimed he had the right to say anything he wanted. When he was blocked from boarding another bus, he became verbally aggressive toward Transit City employees and "[got] up near their faces." [Def. Mot., Dkt. #27, at p. 4]. Operations Supervisor

ORDER - 1

John Lucas issued a 365-day exclusion notice to McCall due to the belief that McCall's behavior would turn violent.

On July 7, McCall called James Merrill, the Operations Director responsible for Intercity Transit's exclusion notice appeal hearings. Merrill was leaving for a scheduled vacation and forwarded the message to Phillip Early, the Fixed Route Manager, who returned McCall's phone call. McCall neither answered nor returned Early's call. When Merrill returned from his vacation, he found a document from McCall containing a request for a hearing and a request for public records under the Washington Public Records Act (PRA), RCW 42.56. Merrill returned McCall's phone call, but McCall never called back. Plaintiff Arthur West submitted an identical public records request on July 29. Both West and McCall's PRA requests were processed and the documents were made available on August 3. McCall did not pick up his documents.

Plaintiffs West and McCall claim that AWC violated their First and Fourteenth Amendment rights, conspired to violate those rights, violated the Washington Public Records Act, falsely arrested and imprisoned them, and generally acted negligently. The Defendants respond that none of these claims are supported by fact or law. At issue is whether there is any genuine question of material fact in any claim raised by the Plaintiffs which would preclude Defendants' Motion for Summary Judgment as a matter of law.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words,

ORDER - 2

"summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

### III. DISCUSSION

Even in the light most favorable to the Plaintiffs, there is no evidence from which a reasonable jury could return a verdict in Plaintiffs' favor on any claim.

**A. Intercity Transit did not violate McCall's right to free speech as a matter of law.**

Plaintiffs claim that Defendants violated Plaintiff McCall's First Amendment right when he was denied access to Intercity Transit buses on the basis of his speech. Defendant argues that McCall was not unconstitutionally excluded. The First Amendment right to free speech excludes obscene, lewd, and fighting words. *Chaplinsky v. N.H.*, 315 U.S. 568, 571 (1942). McCall's exclusion pursuant to Intercity policy for incessant use of aggressive language does not violate his First Amendment rights.

Even if McCall's profanity was protected speech, Intercity Transit may enforce reasonable speech restrictions within their property. A public bus system is a nonpublic fora, unintended for public discourse. *Lehman v. Shaker Heights*, 418 U.S. 298, 303–04, 94 S. Ct. 2714 (1974). Defendants may therefore place reasonable time, place, and manner restrictions on speech on their buses. *Id.* The Intercity Transit Rules of Conduct do exactly that, prohibiting obscene language as well as any harassing behavior inciting a "breach of peace." [Merrill Decl., Dkt. #9, at p. 1]. Defendants applied their Rules in excluding McCall from the bus, and the exclusion was reasonable. McCall's language created an offensive and unsafe environment for drivers and passengers, and undermined Intercity Transit's purpose to provide safe and effective public transportation.

ORDER - 3

Defendants' Motion for Summary Judgment on the Plaintiffs' First Amendment claim is GRANTED, and the claim is DISMISSED WITH PREJUDICE.

**B. Plaintiffs' Fourteenth Amendment claim is unsupported.**

Plaintiffs claim that Defendants violated their Fourteenth Amendment right to transportation. Defendants respond that Plaintiffs cannot support this claim with fact or law. The Fourteenth Amendment protects a citizen's right to remain in a public place, and to move from one place to another. *Chicago v. Morales*, 527 U.S. 41, 53–54, 119 S. Ct. 1849 (1999). Neither Plaintiff offers any evidence or argument to support the claim that they were unconstitutionally denied these rights. McCall was not unconstitutionally denied transportation; he was reasonably excluded for a temporary period because of his distracting and unsafe behavior. Defendants' Motion for Summary Judgment on the Plaintiffs' Fourteenth Amendment claim is GRANTED, and the claim is DISMISSED WITH PREJUDICE.

**C. Plaintiffs' §1985 and §1986 claims are unsupported.**

Plaintiffs allege that Intercity Transit conspired to violate their constitutional rights. To properly bring a claim under 42 U.S.C. §1985 and §1986, a plaintiff must allege that the defendant conspired to deprive him of his First or Fourteenth Amendment rights. Because both Plaintiffs' First and Fourteenth Amendment claims are without merit, these claims are meritless as well. Defendants' Motion for Summary Judgment on the Plaintiffs' §1985 and §1986 claims are GRANTED, and the claims are DISMISSED WITH PREJUDICE.

**D. Plaintiffs' negligence claims are unsupported.**

Plaintiffs' negligence theory is unclear, but seems to rely on the public duty doctrine. Plaintiff West alleges that Defendants' counsel has shown "deliberate indifference" and thereby violated a "clearly established duty of conscientious service to the public." [Decl. of Pl. West,

Dkt. #37, at p. 3–4]. But a public entity must exercise a duty of care when it owes that duty "to the injured plaintiff," not to the public in general. *Obsborn v. Mason County*, 157 Wn.2d 18, 27, 134 P.3d 197 (2006). The negligence claim is therefore without merit, the Defendants' Motion for Summary Judgment is GRANTED, and the claim is DISMISSED WITH PREJUDICE.

### E. Plaintiffs' false arrest and imprisonment claims are unsupported.

To establish a false imprisonment or false arrest claim, a plaintiff must show that the defendant restrained him without legal authority, or that his right to personal liberty was otherwise violated. *Bender v. Seattle*, 99 Wn.2d 582, 591, 664 P.2d 492 (1983). Plaintiffs show neither, and fail to address the claim completely in their response to Defendants' Summary Judgment Motion. Defendants' Motion for Summary Judgment on the Plaintiffs' false arrest and imprisonment claims are GRANTED, and those claims are DISMISSED WITH PREJUDICE.

### F. Plaintiffs' Public Records Act claims have no basis in fact.

Under the Washington State Public Records Act, RCW 45.56, state agencies must respond to a citizen's request for public records. Plaintiff West claims that Defendants "failed to respond fully" to his request for public records in violation of the PRA, and accuses the Defendants of "silent withholding" and "destroying" documents. [Decl. of Pl. West, Dkt. #37, at p. 3]. Plaintiff McCall claims that the Defendants committed a "blatant and cold blooded act of spoliation of material evidence." [Pl. McCall's Reply, Dkt. #35, at p. 5]. But Plaintiffs provide no evidence to show that AWC withheld or purposefully destroyed any document. Intercity Transit responded to the requests in a reasonable amount of time, and made the records available to both West and McCall. Defendants' Motion for Summary Judgment on the Plaintiffs' PRA claims are GRANTED, and the claims are DISMISSED WITH PREJUDICE.

### G. Arthur West has no standing as a plaintiff in this case

Finally, Plaintiff Arthur West has no standing to assert a claim in this case. In order to have standing in federal court, a plaintiff must allege an injury that is: (1) concrete and particularized; (2) caused by the defendants' actions; and (3) redressible by court verdict. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). West claims he is generally harmed by Intercity Transit's "overbroad rules" [Pl. West's Resp., Dkt. #34, at p. 3] and the "overzealous enforcement of [Intercity Transit's] unconstitutional policies banning 'profanity' and 'hanging out.'" [Pl. West's Decl., Dkt. #37, at p. 5–6]. He fails to describe any "concrete and particularized" injury resulting from these rules and policies. Moreover, West does not demonstrate the personal knowledge necessary to create a genuine issue of material fact for any of the claims he lists. Those claims are therefore DISMISSED WITH PREJUDICE.

### III. CONCLUSION

The Plaintiffs have not raised any genuine issue of material fact as to any of their claims, and the Defendants are entitled to a judgment as a matter of law. The Defendants' Summary Judgment Motion [Dkt. #27] is GRANTED and Plaintiffs' claims are DISMISSED, in their entirety, WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated this 15th day of June, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE